UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALLEON S. BRAZIL,

   Petitioner,

v.  Case No. 13-10823

STEVEN RIVARD,

   Respondent.
                                                              /

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND
DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Talleon S. Brazil is a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. The court concludes that Petitioner has not properly exhausted his state court remedies and dismisses the habeas corpus petition without prejudice.

**I. BACKGROUND**

Petitioner was convicted by a jury in Wayne County Circuit Court of two counts of carjacking, felon in possession of a firearm, and felony firearm. On January 28, 2010, he was sentenced to fifteen to forty years in prison for each carjacking conviction, one to five years in prison for the felon-in-possession conviction, and two years in prison for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, claiming that his defense counsel was ineffective in: (i) moving to admit a DVD containing surveillance video; (ii) failing to call an eyewitness identification expert; and (iii) failing to move for a new trial based upon a coerced juror and based upon an exculpatory audiotape. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Brazil*, No. 297094, 2011 WL 2732557 (Mich. Ct. App. July 14, 2011). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Brazil*, No. 143692 (Mich. Nov. 21, 2011).

On August 15, 2012, Petitioner filed a motion for relief from judgment in the trial court. He raised these claims: (1) the Michigan Department of Corrections' legal writer and appellate and trial counsel each rendered ineffective assistance; (2) his convictions of two counts of carjacking for only one car violated double jeopardy, collateral estoppel, and the Fifth Amendment; (3) the prosecutor withheld material, exculpatory evidence; (4) prosecutor knowingly presented perjured testimony; and (5) he is entitled to resentencing. On October 2, 2012, the trial court denied the motion. *People v. Brazil*, No. 09-017370-01-FC (Wayne County Cir. Ct. Oct. 2, 2012).

On February 25, 2013, Petitioner filed the pending habeas corpus petition. He raises these claims:

I.  Ineffective assistance of trial counsel for failing to call witness who would have exonerated defendant.

II. Ineffective assistance of trial counsel for failing to file a motion for new trial when presented with evidence of a coerced juror and an audiotape that exonerated defendant.

2

    III.      Violation of the Fifth Amendment, Double Jeopardy, collateral estoppel and due process.

    IV.      Entitled to evidentiary hearing and re-sentencing.

## II. DISCUSSION

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of

3

establishing exhaustion. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Petitioner admits that he has not exhausted state court remedies. His third and fourth claims were raised for the first time in his motion for relief from judgment, filed in the trial court. Petitioner has not filed an application for leave to appeal the trial court's decision denying his motion to the Michigan Court of Appeals. If he acts promptly, Petitioner may still file an application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3) (imposing a 6-month time frame for filing a late appeal). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this court. Otherwise, the court cannot apply the standard found in 28 U.S.C. § 2254. Furthermore, the state proceedings may result in the reversal of his convictions, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. Apr. 13, 2000). Non-prejudicial dismissal of the petition is warranted under such circumstances.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA

may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the court denies a certificate of appealability.

### III. CONCLUSION

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

         s/Robert H. Cleland
         ROBERT H. CLELAND
         UNITED STATES DISTRICT JUDGE

Dated: March 18, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 18, 2013, by electronic and/or ordinary mail.

         s/Lisa Wagner
         Case Manager and Deputy Clerk
         (313) 234-5522